Shackeleoed,’ J.,
delivered the opinion of the Court.
The plaintiff in error, was indicted -in the Circuit Court of Jefferson County, for the killing of Captain Thornhill. A change of venue was had to the County of Grainger. At August Term, 1866, of the Circuit Court of Grainger County, he was convicted by a juryj of murder in the second degree, and sentenced to fifteen years imprisonment in the penitentiary.
A new trial was moved for, which was overruled, and an appeal taken to this Court. . -
The Court, among other things not excepted to, charged the jury, in substance, as follows: “A- soldier in the service of the United States, is bound to obey all lawful orders of his superior officers, or officers over him, and all he may do in obeying such lawful orders, constitutes no offense as to him. But an order illegal in itself, and not justified by the rules and usages of ■war, or in its substance being clearly illegal, so that a man of ordinary sense and understanding would know, as soon as he heard the order read or given, that such *87 order was illegal, would afford a private no protection for a crime committed under such order, provided the act with which he may be charged, has all the ingredients in it which may be necessary to constitute the same a crime in law. Any order given by an officer to his private, which does not expressly and clearly show on its face, or in the body thereof, its own ille- t gality, the soldier would be bound to obey, and such / order would be a protection to him. No person in the : military service, has any right. to commit a crime in law, contrary to the rules and usages- of war, and out- \\ side of the purposes thereof; and the officers are all amenable for all crimes thus committed, and the privates ,- likewise are answerable to the law for crimes commit-ted in obeying all orders illegal on their face and in their substance, when such illegality appears at once to a common mind,'on hearing them read or given.” We think there is no error in this charge.
It is a well settled principle, a soldier is not bound to obey an illegal order. If he does, and commits an , offense, it is no justification to-him, and he is liable to be proceeded against and punished. This principle was settled in the Supreme Court.of the United States, in the case of Mitchell vs. Harmon, 13 Howard, 129, in which it was held a military officer cannot rely on an appa- f rently unlawful order of his superior, as a justification.;
The same principle was recognized and settled in the Court of King’s Bench, reported in 1 Cowp., 180. In this case, a Captain in the English navy, by orders of the British Admiral, pulled down the houses of some Sut-tlers on the coast of Nova Scotia, who was supplying *88 the sailors with spirituous liquors, and the health of the sailors was thereby much injured. The motive was a laudable one, and done for the public service. The Courts say, it was an invasion of the rights of private property, without the authority of law, and the officer who . executed the order, was held liable. This being the rule in civil causes, the principle would be more strictly applied in criminal ones. No order, if any was given, could justify the killing of Captain Thornhill, and the parties who did the act, are amenable to the criin-inal law. There being no error in the charge of the Court, the question arises: Do the facts in the record sustain the verdict of the jury? And under the rulings, of this Court, it is made our duty, in criminal causes, to examine the proof, and see df it warrants the conviction.
■ The defendant was a private soldier in the 9th Tennessee Cavalry, under the command of Colonel Parsons, and in Company D, commanded by Captain Bell. Upon his entering the service, he subscribed to the following oath, prescribed by the articles of war, adopted by the government for .the Army of the United States: “I do solemnly swear that I will true allegiance bear to the Glovernment of the United States of America, and I will serve them honestly and faithfully against all their enemies, or opposers whatsoever’, and observe and obey all the orders of the President of the United States, and the orders of the officers appointed over me, according to the rules and articles of war for the government of the Armies of the United States.” Under the rules and articles of war, the plaintiff in *89 error was bound to obey the - lawful orders of his superior officer; and on the — day of June, 1865, he was detailed, by Captain Bell, as one of a scout. On the morning of the d’etail, Capt. Bell and Colonel Parsons had some conversation, the purport of which, is not in proof.- Shortly after, Bell went into the camp and detailed six men. The plaintiff -in error was not present when the detail was made. One of the party detailed was unable to go, in consequence of his horse having lost a shoe.' The plaintiff in error, riding up at the time, was ordered to fall into line, which he obeyed. They immediately left in the direction of Rogersville. When starting some one handed him some letters for Kingston. During the day they, met a battallion of the same regiment returning to camp, and a Lieutenant and ten men were added to the scout. They were seen three or four miles from .the residence of Richard Thornhill, the home of Captain Thornhill, by Richard Thornhill, going in the direction of Rogersville, the plaintiff in error riding a mule near the head of the column. Another -witness saw the force within a mile and a half of Thornhill’s; the plaintiff in error. was with them-The force rode up to the house of, Richard Thorn-hill’s and ashed if Captain Thornhill was at home. Several persons were out sitting in the piazza. Captain Thornhill went out to the fence — some conversation ensued — one of the soldiers raised his hand, and the firing commenced. He ran, was pursued, and hilled within about two hundred yards of the place where the firing commenced.
*90 The proof does not satisfy us the prisoner aided or abetted in the unlawful act of killing. A private soldier when detailed by his superior officer has no discretion. By the rules of war he is bound to obey the orders of those in command. When he enters the service, unconditional submission to the lawful orders of his superior officers is a duty imposed upon him by his oath and the articles of war. The principle of law, “when men are assembled for an illegal purpose, and the commission of an offense by any one of the party is the act of the whole,” is not applicable to this case. The plaintiff in error being a private soldier, being detailed, was bound to obey the ^ lawful order. The going to Richard Thornhill's without a knowledge of the purpose for which the force was detailed, was not an illegal act; he had no right to inquire of the officer the object and purpose of the detail, or what he had in view; and if he was present, unless he participated in the killing by firing, or aided and abetted in the act of killing, he would not ^be criminally responsible. It is stated as a principle of law, in 1 Hale, Pleas of the Crown, 444, and which we recognize and approve: “Although if many come upon an unlawful design, and one of the company kill the adverse party, in pursuance of that design, all are principals; yet if many be together upon a lawful account, and one of the company kill another of an adverse party, without any particular abetment of the rest to this fact of homicide, they are not all guilty that are of the company, but only those that gave the stroke, or actually abetted them to do it.” We forbear *91 to comment further upon the testimony, as tbe case will undergo another investigation before a jury. We are not satisfied from the proofs in this record, with the verdict of the jury.
The judgment will be reversed, -and a new trial | awarded.